ARTHUR E. BONDY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bondy v. Commissioner
Docket No. 24936-89
United States Tax Court
T.C. Memo 1991-545; 1991 Tax Ct. Memo LEXIS 587; 62 T.C.M. (CCH) 1126; T.C.M. (RIA) 91545; October 31, 1991, Filed *587 Decision will be entered for the petitioner. Richard G. Convicer, for the petitioner. Carmino Santaniello, for the respondent. POWELL, Special Trial Judge. POWELL
MEMORANDUM OPINION Respondent determined a deficiency in petitioner's Federal income tax for 1986 and 1987 in the respective amounts of $ 1,093.01 and $ 937.70. Respondent further determined additions to tax for negligence under section 6653(a)(1)(A)[1] for 1986 and 1987 in the respective amounts of $ 54.65 and $ 46.89 and under section 6653(a)(1)(B) in amounts equal to 50 percent of the interest determined under section 6601 for each year. The issues for decision are (1) whether petitioner is entitled to 1986 and 1987 deductions in the claimed amounts of $ 2,007 and $ 2,090 and (2) whether petitioner is liable for the additions to tax for negligence. Petitioner was a resident of Woodstock, Connecticut, when he filed the petition in *588 this case. During 1986 and 1987, and for 10 to 15 years prior to that, petitioner was an independent sales representative for various textile manufacturers. His products consisted of soft goods such as tablecloths, curtains, and drapes. Petitioner earned a commission on each sale. His customers were clothing store chains, department stores, and smaller specialty stores in the northeastern United States. The employees of these companies responsible for the purchase of merchandise from petitioner are called buyers. The companies to which petitioner sold products generally prohibited their buyers from accepting gifts from manufacturers' sales representatives. During the years in issue, petitioner gave cash gifts, never greater than $ 25, to buyers at the end of the year. Petitioner would cash a large check late in November and give the money to the buyers by Christmas. Petitioner would either mail the money to the buyers or deliver it personally. Petitioner stated that the gifts were "one of the ways I have maintained my relationships with the buyers." Petitioner kept logs of his gifts to the buyers. His logs consisted of several sheets of paper with the names of individuals *589 on them, their employer, their position with their employer, and a dollar amount. On Schedule C of his Federal income tax returns for 1986 and 1987 petitioner claimed deductions in the amounts of $ 2,007 and $ 2,090, respectively, for business gifts to customers' buyers. Respondent disallowed petitioner's claims for deductions for the gifts as unsubstantiated. Section 162(a), under which petitioner claims these deductions, allows a deduction for all ordinary and necessary expenses of carrying on a trade or business. Generally, to be deductible under section 162(a), expenses must be directly connected with or pertaining to the taxpayer's trade or business. Sec. 1.162-1(a), Income Tax Regs.
The term "ordinary" is used principally to distinguish currently deductible expenses from capital expenditures, which must be amortized over the useful life of an asset. Commissioner v. Tellier, 383 U.S. 687, 689-690, 16 L. Ed. 2d 185, 86 S. Ct. 1118 (1966); Welch v. Helvering, 290 U.S. 111, 113-116, 78 L. Ed. 212, 54 S. Ct. 8 (1933). The term "necessary" imposes the requirement that the expenses be "appropriate and helpful" to development of the taxpayer's business. Commissioner v. Tellier, supra at 689; *590 Welch v. Helvering, supra at 113. We find petitioner's payments to the buyers are directly connected with his business and are ordinary and necessary business expenses. Consequently, the payments meet the requirements of section 162(a). The fact that employers may have a policy against their buyers' accepting gifts from manufacturers' representatives does not render the payments nondeductible. Section 162(c)(2) disallows a deduction for any payment that constitutes an illegal bribe or illegal kickback under State law if the State statute is generally enforced and if it subjects the payor to a criminal penalty or the loss of license or privilege to engage in a trade or business. Respondent, however, has not argued that the payments are illegal under State law, or that if State law did prohibit the payment, that the statute was not "dead letter." See Boucher v. Commissioner, 77 T.C. 214 (1981), affd. 693 F.2d 98 (9th Cir. 1982); cf. Brizell v. Commissioner, 93 T.C. 151 (1989). Consequently, section 162(c)(2) does not disallow the claimed deductions for these expenses. Furthermore, we find that petitioner's *591 logs, together with his testimony, which we found to be credible, establish that he made the payments in the manner and amounts that he claimed. Consequently, we hold that petitioner is not liable for the deficiencies as determined by respondent. It should be noted, however, that respondent has disavowed any reliance on section 274(d), which requires specific and detailed substantiation for business gifts. As to the requirements of section 274(d) pertaining to business gifts, see Goldstein v. Commissioner, T.C. Memo 1987-47; Hatch v. Commissioner, T.C. Memo 1980-110. With regard to the additions to tax under section 6653(a), since we have sustained petitioner's position, there were no underpayments due to negligence or an intentional disregard of the rules and regulations. Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years at issue.↩